UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clean Water and Air Legacy, LLC, <br><br> Plaintiff, <br><br> v. <br><br> City of Lanesboro, Minnesota, <br><br> Defendant, | Case No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT AND FACTS

1. This is a citizen enforcement action brought to address the City of Lanesboro's past and ongoing violations of the federal Clean Water Act, 33 USC § 1251 et. seq. (CWA). In addition to the CWA claims, it includes causes of action sounding in nuisance and negligence.

2. For years, Defendant has polluted the Root River, a scenic and exceptional trout fishery, with suspended solids and associated impermissible BOD carbonaceous exceedances.

3. According to the Environmental Protection Agency, Defendant has violated its Clean Water Act permit on 267 days since May 31, 2019, has failed to comply with its Clean Water Act permit for 9 out of the last 12 quarters, and is currently in violation of its Clean Water Act Permit.

4. This action seeks relief including, but not necessarily limited to, a declaration that Defendant has and continues to violate the terms of its Clean Water Act National

Pollutant Discharge Elimination System (NPDES) permit; an order requiring Defendant to comply with the Clean Water Act and its NPDES permit; an order assessing the maximum penalties available under the law against Defendant for each day it has and continues to violate the terms of its NPDES permit; an award to Plaintiff of its costs of litigation including reasonable attorney's and expert's fees; damages pursuant to Plaintiff's nuisance and negligence claims, punitive damages, and such other relief as the Court deems appropriate.

## PARTIES

5. Plaintiff is an organization formed for the purpose of advocating for clean waterways and air and the preservation of natural resources by seeking to ensure enforcement of the country's environmental laws.

6. Defendant discharges wastewater directly into the Root River via its waste water treatment facility pursuant to its ("NPDES") permit No. MN-0020044.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331.

8. Venue lies with this Court under 33 U.S.C. § 1365(c)(1) because the Facility at issue is located in this District.

## **DEFENDANT'S POLLUTION AND REPEATED VIOLATIONS OF ITS CLEAN WATER ACT PERMIT**

9.  Defendant discharges wastewater directly into the Root River via its wastewater treatment facility pursuant to its ("NPDES") permit No. MN- No. MN-0020044.

10. The Root River is a scenic and exceptional trout fishery. It lies next to the Root River State Bike Trail System amongst beautiful bluffs, and is regularly enjoyed by visitors who bike, hike, fish, kayak, boat, picnic and visit to simply enjoy the views, peace and natural beauty it offers.

11. Lanesboro is located on the Root River and describes itself on its website as follows:

> *Nestled in the Bluffs of the Root River Valley, Lanesboro is the hidden gem of Southeastern Minnesota. Visitors come year round to leisurely experience the peaceful, inspiring atmosphere found in this charming little town, still thriving after 150 years. With an extraordinarily high density of creative activities concentrated in such a small community, Lanesboro was declared one of the country's "Top 12 Small Town Artplaces" in 2013 by Artplace America.*
>
> *The Root River State Bike Trail, rated one of the best trails in Minnesota, runs right through Lanesboro's authentic 19th century downtown. This picturesque hub of activity invites travelers of all stripes to indulge in one of many tantalizing restaurants or unique shops. Being situated on the banks of the Root River, there is opportunity to take a refreshing float down the river, toss in a fishing line or just enjoy the sights and sounds of the running water.*
>
> *Being the Bed & Breakfast Capital of Minnesota, there are a wide variety of B&B's to satisfy any preference. If you prefer a different style of accommodation, Lanesboro offers an array of compelling lodging options including hotels, resorts, whole house rentals, apartments and campgrounds!*
>
> *Between the tours, live theatre, art galleries and many other attractions, Lanesboro is a community that both relaxes and energizes people at the same time. It's a place of possibility, with a look and feel all its own, that you simply have to experience for yourself. Welcome to Lanesboro!*

12. Defendant's NPDES permit strictly limits the amount of allowable pollutants in the Facility's wastewater discharges into the Root River. But despite its strict NPDES permit limits, Lanesboro has, for years, repeatedly and on an ongoing basis, discharged wastewater directly into the Root River with pollutant levels that violate its NPDES permit limits for suspended solids and associated impermissible BOD carbonaceous exceedances, which are in turn violations of the Clean Water Act.

## CWA PRE-SUIT NOTICE

13. On November 5, 2021, in accordance with 33 U.S.C. § 1365(b)(1)(A), Plaintiff provided notice of intent to file suit under the Federal Clean Water Act (60-Day Notice Letter) to the Administrator of the Environmental Protection Agency (EPA), the Regional Administrator of EPA Region 5, the Commissioner of the Minnesota Pollution Control Agency, and to Defendant.

14. The Notice Letter provided Defendant with sufficient information to determine the CWA requirements Plaintiff alleges Defendant violated, the activity alleged to constitute the violations, sufficient information to determine the date, location and person responsible for the violations, and the contact information for Plaintiff and Plaintiff's counsel. Among other things, the Notice letter identified 267 specific days between May 31, 2019, and October 30, 2021, when Defendant had discharged wastewater into the Root River with pollutant levels that violate its NPDES permit limits and exceedance details including the subject outfall, parameter, limit type, percent exceedance, exceedance counts by pollutant, the number of exceedances, the days with exceedances, and the dates of the exceedances, all as set forth on Exhibit A hereto.

15. Defendant's unlawful discharges included ongoing and repeated violations of, among other things, suspended solids by as much as 957% of the permitted discharge, and BOD carbonaceous permits violations of as much as 547% of permit limitations.

16. The Notice Letter also advised Defendant that EPA records designate the Facility's current CWA compliance status as "Non-compliant" and show that the Facility has been designated as Non-complaint with its CWA permit for 9 of the last 12 quarters.

17. As of the date of this filing, the Defendant continues to be designated as Non-compliant with its CWA permit by the EPA.

18. 33 U.S.C. § 1319 (g)(6)(B) provides that governmental action cannot bar a CWA citizen suit unless it either was commenced before the 60-day notice letter or the citizen suit is not filed more than 120 days after the 60-day notice letter.

19. Minnesota is a "delegated state" such that the EPA has delegated enforcement authority under the CWA to the MPCA.

20. No enforcement action was commenced before the 60-day notice letter as to the violations identified in the 60-day notice letter.

21. More than 60 days have passed since the 60-day Notice Letter was sent.

22. Less than 120 days have passed since the 60-day Notice Letter was sent and the date this action was filed and therefore commenced.

23. 33 U.S.C. § 1319 (g)(6)(B) therefore bars any effort by Defendant to contend that this action is barred by a diligent prosecution. See e.g., *Black Warrior Riverkeeper, Inc. v. Cherokee Mining*, LLC., 548 F.3d 986 (11th Cir. 2008).

## STANDING

24. Plaintiff's membership includes at least one individual who resides in the State of Minnesota and has, for years, visited and enjoyed the quietude and natural beauty of the Lanesboro and the Root River. Defendant's repeated unlawful discharges of suspended solids and associated impermissible BOD carbonaceous permit exceedances lessen the aesthetic and recreational values of Lanesboro and the Root River and diminish this person's enjoyment of the Lanesboro area and the Root River.

## COUNT I
## THE CLEAN WATER ACT

25. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

26. Congress enacted the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." To achieve those goals, the CWA expressly prohibits the "discharge of any pollutant" where such discharges do not comply with the terms of any applicable NPDES permit.

27. Once regulated by an NPDES permit, discharges must strictly comply with all of the terms and conditions of the permit.

28. Violation of the terms or conditions of and NPDES permit is a violation of the Clean Water Act.

29. In addition to specific effluent limitations, the Facility's NPDES permit also requires that the permit holder "shall at all times properly operate" the Facility and in accordance with an asset management program which includes adequate funding, operator staffing and training, rehabilitation and replacement of assets when necessary.

30. Every day a facility is operated in violation of its NPDES permit is a separate and distinct violation of the permit and the CWA.

31. The CWA authorizes citizens to bring suit against any person who is "alleged to be in violation" of an effluent standard or limitation under the CWA.

32. The CWA provides for appropriate injunctive relief preventing further violations of the Clean Water Act, mandatory civil penalties, declaratory relief, and also allows a prevailing plaintiff to recover costs, including attorneys' and experts' fees associated with a citizen enforcement action.

33. Attached as Exhibit A hereto is a list of the NPDES effluent limit exceedances Plaintiff seeks to redress under the CWA in this case.

34. Exhibit A is derived from the Facility's self-reported Discharge Monitoring Reports, as provided to the EPA.

35. Each of the effluent limit exceedances identified on Exhibit A are violations of the Facilities NPDES permit and, in turn, are therefore violations of the CWA.

36. Defendant's violations of its NPDES permit are continuing, ongoing, and recurring. According to the EPA, the Facility's current CWA compliance status is "noncompliance."

## COUNT II
## PUBLIC NUISANCE

37. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

38. Defendant's unlawful discharges "unreasonably annoys, injures or endangers the safety, health, morals, comfort, or repose of any considerable number of members of

the public; or interferes with, obstructs, or renders dangerous for passage, any … waters used by the public" and therefore constitutes a public nuisance under Minn. Stat. § 609.74.

39. Plaintiff and other individuals who have visited Lanesboro and the Root River suffered damage or injury that is special to them and different from damage or injury sustained by the general public as a result of Defendant's unlawful pollution of the Root River. Lanesboro is immediately adjacent to the Root River. It is an ideal place to simply enjoy the Root River and the natural environment. It is a special place, patronized for a special purpose, and its users are distinctly impacted by pollution occurring in the immediate vicinity of Lanesboro in a way that is clearly different from the general public.

## COUNT III
## PRIVATE NUISANCE

40. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

41. Private nuisance is defined by Minnesota Stat. § 561.01 as follows:

> Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by judgment the nuisance may be enjoined or abated, as well as damages recovered.

42. Defendant's unlawful discharges constitute a private nuisance as defined by Minn. Stat. § 561.01 for which Defendant is liable to Plaintiff for all damages arising therefrom, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to nominal, compensatory and punitive damages.

## COUNT IV
## NEGLIGENCE

43. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

44. Defendant negligently and improperly constructed, maintained and/or operated the its waste water treatment facility.

45. Defendant's repeated violations of the CWA constitutes negligence per se.

46. A properly constructed, operated, and maintained wastewater treatment plant will not pollute the pristine waters of the Root River in the repeated and ongoing manner described herein.

47. The conduct of Defendant constitutes gross negligence and reflects a substantial lack of concern for and deliberate indifference to whether an injury resulted to Plaintiff.

48. Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the safety of Plaintiff, which entitles Plaintiff to an award of nominal, compensatory, exemplary, and punitive relief.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Declare Defendant to have violated and to be in violation of the Clean Water Act and the Facility's NPDES permit by committing each of the violations described above, including similar violations that occur after the filing of this Complaint;

b. Determine the number of days of violation committed by Defendant;

c. Order Defendant to comply with the Clean Water Act and Defendant's NPDES permit, and to refrain from further violations of the effluent standards and limitations in the permit;

d. Order Defendant to implement measures to remedy, mitigate, or offset the harm to the environment caused by the violations alleged above;

e. Assess an appropriate civil penalty against Defendant for each day of violation of the Clean Water Act and the NPDES permit, as provided by 33 U.S.C. § 1319(d);

f. Award Plaintiff its costs of litigation (including reasonable attorney and expert witness fees); as provided by 33 U.S.C. § 1365(d);

g. Enjoin Defendant from any further unlawful discharges of pollution into the Root River;

h. Award Plaintiff nominal, compensatory, and punitive damages; and

i. Award such other relief as the Court deems appropriate.

Dated: March 7, 2022

**THRONDSET MICHENFELDER, LLC**

By: /s/Patrick Michenfelder
Patrick W. Michenfelder (#024207X)
Chad A. Throndset (#0261191)
Cornerstone Building
One Central Avenue West, Suite 101
St. Michael, MN 55376
Tel: (763) 515-6110
Fax: (763) 226-2515
Email: pat@throndsetlaw.com
Email: chad@throndsetlaw.com
Attorney for Plaintiff